IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EUGENE KNIGHT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | 2:20-cv-8020-LSC<br>(2:08-cr-383-LSC-JEO) |

**MEMORANDUM OF OPINION**

**I.  Introduction**

The Court has before it Petitioner Charles Eugene Knight's ("Knight's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The motion is due to be denied for lack of jurisdiction.

**II. Background**

Knight's sentence results from his conviction by a jury of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count 1), possession of a firearm in furtherance of a drug trafficking crime

in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count 2), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (count 3).

This Court sentenced Knight to a term of imprisonment of 293 months as to count 1 and 3, separately, with each count to run concurrently with the other, plus a term of imprisonment of 60 months as to count 2, with the sentence in count 2 to run consecutively with the sentence imposed in counts 1 and 3, for a total term of 353 months. Judgment was entered on February 6, 2009.

Knight appealed, and the Eleventh Circuit Court of Appeals affirmed Knight's convictions and sentence in an opinion issued on January 14, 2010. Knight did not petition the United States Supreme Court for a writ of certiorari.

Knight filed a motion pursuant to § 2255 on October 22, 2010. (Doc. 55, and docketed in civil case number CV-10-LSC-8046.) This Court denied the motion on the merits on July 6, 2012. The Eleventh Circuit Court of Appeals denied Knight's motion for a certificate of appealability on December 27, 2012.

Knight filed another motion with this Court pursuant to § 2255 on November 4, 2013. (Doc. 59.) This Court denied that motion on March 6, 2015, because it was successive and Knight did not obtain prior authorization to file a successive § 2255 motion from the Eleventh Circuit. (Doc. 60.)

Knight filed a third § 2255 motion on August 3, 2015. (Doc. 61 and docketed in civil case number 2:15-cv-8017-LSC.) This Court denied that motion on April 7, 2016. because it was successive and Knight did not obtain prior authorization to file a successive § 2255 motion from the Eleventh Circuit.

Knight then sought permission from the Eleventh Circuit to file a second or successive motion, and it was denied. (Doc. 63.)

On June 3, 2020, Knight filed the instant § 2255 motion.

### III.  Discussion

This is Knight's fourth motion filed pursuant to § 2255. It, like his second and third motions, is also due to be denied for lack of jurisdiction. 28 U.S.C. § 2255(h) requires Knight to follow the procedures of 28 U.S.C. § 2244(b)(3)(A), which states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Since Knight has not received authorization from the Eleventh Circuit Court of Appeals to file this successive motion, the Court lacks jurisdiction to consider it.

### IV.  Conclusion

For the aforementioned reasons, Knight's § 2255 motion is due to be denied.

Additionally, this Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Knight's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in the defendant's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON JUNE 17, 2020.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704